**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DAVID J. HAMBRICK,                      Case No. 1:13-cv-374

        Plaintiff,                                    Barrett, J.
                                                                      Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Lance J. Linkhart filed this Social Security appeal in order to challenge the Defendant's finding that he was not disabled.  *See* 42 U.S.C. §405(g).  Proceeding through counsel, Plaintiff presents five claims of error for this Court's review.  As explained below, the ALJ's finding should be REVERSED, because it is not supported by substantial evidence in the administrative record.

**I.  Summary of Administrative Record**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") in November 2009, alleging that he became disabled on January 31, 2009 due to heart problems, back problems, and short-term memory loss.  (Tr. 125).  Plaintiff's application was denied initially and upon reconsideration, and he timely requested an evidentiary hearing.

On April 17, 2012, Plaintiff, through counsel, appeared and testified at a hearing room in Cincinnati, Ohio, where he participated in an evidentiary hearing conducted by video conference and held before Administrative Law Judge ("ALJ") George Gaffaney in Chicago, Illinois.  An impartial vocational expert also appeared and testified.  On May 7, 2012, the ALJ issued an unfavorable written decision. (Tr. 11-20).  He determined that

Plaintiff has the following severe impairments: "pain disorder, status post cardiac catheterization, and adjustment disorder." (Tr. 13). However, he held that Plaintiff does not have an impairment or combination of impairments that would meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appx. 1. (*Id.*). Instead, he found that Plaintiff retains the residual functional capacity ("RFC") to perform a range of unskilled light work, with the following nonexertional limitations:

> The claimant can sit for six hours and stand for six hours in an eight-hour workday. The claimant is limited to walking two blocks at a time. Regarding nonexertional limitations, the claimant can only occasionally climb stairs, stoop, balance, kneel, crouch, or crawl. The claimant cannot climb ladders. In terms of environmental limitations, the claimant cannot be exposed to hazards (heights, moving parts). The claimant's mental impairment limits the claimant to simple, routine tasks with only an occasional change in routine work setting.

(Tr. 14).

The ALJ determined that the referenced RFC precluded Plaintiff's past relevant work as a laborer. (Tr. 18). Plaintiff was "closely approaching advanced age" on his alleged disability onset date, and was fifty-three, in the "advanced age" category, at the time of the ALJ's decision. He has a limited education, having completed the eleventh grade. (Tr. 19). At the hearing, the ALJ stated that Plaintiff presented a "close case" as to whether or not he could perform "light" work. (Tr. 44). Nevertheless, based upon testimony from the VE and the record as a whole, the ALJ determined that Plaintiff could still perform jobs that exist in significant numbers in the national economy, including such representative jobs as a ticket taker, cashier, or pricer. (Tr. 19). The Appeals Council denied Plaintiff's request for further review; therefore, the ALJ's decision remains as the final decision of the Commissioner.

2

Plaintiff claims that he is disabled due to pain in his low back and legs, lingering pain from a heart condition, depression, and a pain disorder. He testified at the hearing that he was primarily disabled due to his back pain. In this proceeding, Plaintiff argues that the ALJ erred in finding him still capable of "light" work. Based upon his age, if he instead had been limited to sedentary level work, he would be presumptively disabled under Grid Rule 201.10 of the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, Appx. 2, Table 1. Plaintiff argues specifically that the ALJ erred by: (1) applying an improper standard of review to his treating doctor versus the consulting physicians; (2) failing to provide "good reasons" for the weight given to various medical opinions; (3) failing to find limitations relating to Plaintiff's pain disorder and mental impairments; (4) failing to credit Plaintiff's subjective complaints; and (5) failing to submit an appropriate hypothetical to the vocational expert.

In reviewing the record, the undersigned finds merit to three of Plaintiff's claims: (1) that the ALJ erred by applying an improper standard of review to a single, but critical RFC document authored by a treating physician; (2) that the ALJ erred by failing to include limitations relating to concentration, persistence, and pace; and (3) that the hypothetical presented to the VE was deficient. For these reasons, remand is required. For the convenience of this Court, the errors supporting remand are discussed in a different order than presented by Plaintiff.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to

3

prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of

4

Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920. A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. §404.1512(a).

## B. Specific Errors

### 1. Evaluation of Treating Physician, Dr. Noschang

Plaintiff first complains that the ALJ erred by failing to give adequate weight to the opinions of Plaintiff's treating physician, Dr. Ray Noschang. Dr. Noschang has been Plaintiff's treating physician since November, 2009. Plaintiff contends that the ALJ's analysis is not "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." See *Gayheart v. Com'r*, 710 F.3d 365, 376 (6th Cir. 2013). Plaintiff argues that the reasons provided by the ALJ do not satisfy the "good reasons" standard contained in 20 C.F.R. §404.1527(c)(2). Plaintiff's first claim contains three subparts: (1) that the ALJ committed legal error by generally applying an improper standard of review; (2) that the ALJ committed error by failing to recognize that an RFC assessment was authored by Dr. Noschang; and (3) that the ALJ's analysis was illogical.

#### a. Alleged Improper Standard of Review

Plaintiff argues first that the ALJ erred by improperly employing a more stringent standard of review to the opinions of Dr. Noschang than he did to consultants, whose

5

opinions he gave "great weight." The relevant regulation provides: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. §404.1527(c)(2); *see also Warner v. Com'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004). The reasoning behind what has become known as "the treating physician rule" has been stated as follows:

> [T]hese sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of the claimant's medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)(quoting former 20 C.F.R. § 404.1527(d)(2)). Thus, the treating physician rule requires the ALJ to generally give "greater deference to the opinions of treating physicians than to the opinions of non-treating physicians." *See Blakley v. Com'r of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009). In addition, the opinions of examining consultants are generally entitled to greater weight than are the opinions of non-examining consultants. *See Gayheart,* 710 F.3d at 375-376.

Plaintiff argues that the ALJ failed to abide by this rule and instead applied the opposite rule by scrutinizing his treating physician's opinions more stringently than he did the opinions of the consulting physicians. However, Plaintiff fails to support his broad brushed argument with specific examples, save for the evaluation of one residual functional capacity form. The undersigned cannot conclude based on my review of the ALJ's opinion that he was misguided in any global sense about the correct standard of

6

review. On the other hand, the ALJ appears to have failed to apply the correct deferential standard of review to a single piece of opinion evidence proffered by Dr. Noschang, which error does support remand.

### b. Exhibit 10F, Assessment of RFC by Dr. Noschang

The one specific error that Plaintiff complains of is the ALJ's failure to recognize that the opinion evidence found at Exhibit 10F, which bears an illegible signature, was in fact authored by Dr. Noschang. In his written opinion, the ALJ refers to the exhibit as authored by an "unknown individual." (Tr. 17, citing Tr. 323-325). However, Plaintiff persuasively argues that the exhibit was clearly identified both at the hearing, and in a cover letter from counsel prior to that hearing, as authored by Dr. Noschang, (*See* Tr. 42-43, 168-169).

The Defendant argues that the record on this issue is more ambiguous than Plaintiff portrays, but the undersigned does not agree. Although there was some confusion as to which exhibit reflected the RFC form authored by Dr. Noschang, part of that confusion originated from the ALJ himself. (*See* Tr. 43, ALJ's statements that Dr. Noschang's RFC form was "in a couple places," including "10F, and it's also in 13F"). Through the date of the hearing, the ALJ never disputed (nor did Defendant) that Dr. Noschang had in fact offered specific RFC opinions.

Defendant alternatively argues that even if the ALJ erred in failing to attribute Exhibit 10F to Dr. Noschang, the error was harmless, because the ALJ adopted the lifting restriction contained in that RFC, and "both directly and indirectly addressed those portions of Dr. Noschang's opinion to which he gave reduced weight through his analysis of the opinion itself and other evidence." (Doc. 9 at 4). In other words, even though the ALJ did not recognize the opinion as one by Plaintiff's treating physician,

Defendant argues that the ALJ's reasons for rejecting the postural limitations and number of days that Plaintiff would miss per month were sufficiently articulated, as inconsistent with Plaintiff's "conservative treatment history and clinical examination findings." (Tr. 18).

The undersigned finds that, especially considering one other significant error made by the ALJ, the ALJ's failure to recognize the RFC form as authored by Dr. Noschang merits remand. While it is true that the ALJ provided some reasons for giving the "unknown" physician's RFC opinions "little weight," opinions by a treating physician such as Dr. Noschang are generally entitled to "controlling" weight. The undersigned cannot find harmless error because the ALJ's recognition of the RFC opinion as by a treating physician (usually entitled to "controlling" weight) might have made a difference in this "close" case.

### c. Alleged Flawed Logic Regarding Dr. Noschang's Notes

In a final attack on the ALJ's assessment of Dr. Noschang, Plaintiff argues that the ALJ's comments that many of his clinical records were illegible is logically inconsistent with the simultaneous determination that the records were inconsistent with Dr. Noschang's opinions. After all, hypothesizes Plaintiff, if the records were illegible, then how could they also be inconsistent? However, the undersigned finds no error in this respect. The legible portions of the records reflected that Plaintiff was "stable" and "overall doing ok." (Tr. 15). Thus, the ALJ's analysis is easily reconciled if understood as suggesting that the legible portion of Dr. Noschang's notes were inconsistent with a disability finding.

**2. Psychological Impairments**

Plaintiff additionally argues that the ALJ erred by failing to find any work limitations related to Plaintiff's severe pain disorder and psychological impairments.  Dr. Frisch diagnosed Plaintiff's pain disorder, concluding that Plaintiff experiences pain that is not intentionally produced or feigned.  Dr. Frisch specifically found that Plaintiff would experience "moderate" limitations of attention, concentration, persistence, and pace based upon his chronic pain and depression.  (Tr. 281).  Dr. Rivera, the reviewing psychologist, found similar limitations. (Tr. 285-287).  Dr. Rivera completed a mental RFC that reiterated those limitations, and further explained that Plaintiff "retains the ability to complete simple and moderately complex tasks in a stable static work environment with <u>limited production quotas</u>." (*Id.*, emphasis added). The ALJ found both opinions entitled to "great weight," and agreed that Plaintiff would have "moderate" limitations on concentration, persistence or pace.  However, the only mental limitation included in the RFC was a limitation to "simple, routine tasks with only an occasional change in routine work setting."

A limitation on changes in a routine work setting simply is not equivalent to limitations in persistence and concentration, or an inability to work at a fast pace or to meet production quotas.  A failure to include all relevant mental limitations will render vocational expert testimony insufficient to uphold a non-disability finding.  *See generally Ealy v. Com'r*, 594 F.3d 504, 516 (6th Cir. 2010)(where medical source opinions specifically limited Plaintiff's ability to sustain attention and imposed restrictions in pace, speed and concentration, ALJ's "streamlined" hypothetical omitting those restrictions was insufficient); *Edwards v. Barnhart*, 383 F.Supp.2d 920, 930-931 (E.D. Mich. 2005)(hypothetical limiting claimant to "jobs entailing no more than simple, routine,

unskilled work" not adequate to convey moderate limitation in ability to concentrate, persist, and keep pace). The representative jobs to which the VE testified in this case, including ticket taker, cashier, and pricer, arguably could require a level of concentration, persistence and pace in excess of Plaintiff's capabilities. *Id*., 383 F.Supp.2d at 931 (noting that job of packer "seems to require a degree of sustained degree of concentration, persistence and pace."). Therefore, remand is required for further consideration of the impact of Plaintiff's mental limitations on his ability to work, with particular attention to Plaintiff's limitations in the areas of concentration, persistence and pace. *See also Minor v. Com'r*, 513 Fed. Appx. 417, 435-436 (6th Cir. 2013).[1]

### 3. Consulting Opinions

The remainder of Plaintiff's claims do not favor remand, but will be addressed in the interest of providing a complete record. Plaintiff argues that the ALJ committed two errors in giving "great weight" to consulting opinions: (a) by failing to consider that the consultants did not have access to a significant portion of the most recent medical records; and (b) by failing to properly interpret the consulting opinions as supporting greater limitations.

#### a. Alleged *Blakley* Error

Plaintiff points out that the ALJ did not discuss the fact that consulting physicians, including Dr. Fritzhand, on whom the ALJ relied, last reviewed Plaintiff's records in 2010, and therefore did not review the 2012 treatment records from Dr. Noschang. (*See* Tr. 326-360). Citing *Blakley v. Com'r*, 581 F.3d at 408-409, in which the court

---

[1]Defendant fails to distinguish the Sixth Circuit case law cited by Plaintiff, relying instead upon an older Eighth Circuit case. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001).

reversed on grounds that the state non-examining sources did not review "much of the over 300 pages of medical treatment …by Blakley's treating sources," Plaintiff argues that the ALJ's reliance on consultants requires a similar reversal here.

*Blakley* does not support remand in every case in which an ALJ has relied upon consultants who were unable to review a complete record. Rather, the Sixth Circuit held that "[i]n appropriate circumstances, opinions from State agency medical...consultants...may be entitled to greater weight than the opinions of treating or examining sources." *Blakley*, 581 F.3d at 409 (quoting Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *3 (July 2, 1996)). The appellate court reversed not because of the quantity of evidence that was generated after the consulting physician's review, but because the ALJ failed to indicate that he had "at least considered [that] fact before giving greater weight" to the consulting physician's opinions. *Id.*, 581 F.3d at 409 (quoting *Fisk v. Astrue*, 253 Fed.Appx. 580, 585 (6th Cir. 2007)). Experience teaches that in many if not most cases, some portion of the medical record will be generated after the consulting physician's review, and therefore not be included within the purview of the consultant's opinion. *Blakley* holds that an ALJ may credit the opinion of even a non-examining consultant who has failed to review a complete record, so long as he or she acknowledges that fact and articulates valid reasons for doing so. And even in cases in which an ALJ credits the incomplete consulting opinion and fails to provide sufficient reasons for doing so, the ALJ's opinion *still* may be affirmed if substantial evidence supports the opinion and any error is deemed to be harmless or *de minimis*.

In this case, it is noteworthy that all of the RFC opinions, including the RFC opinion of Dr. Noschang himself, were rendered in 2010, with no revisions or updates in 2012. The only specific medical record on which Plaintiff relies was not generated after

11

the consultants' 2010 opinions, but prior to the date of those opinions. Plaintiff complains that Dr. Teague failed to mention the absent Achilles reflexes found by Dr. Fritzhand during his examination, and also failed to specifically refer to Plaintiff's cardiac 40% ejection fraction rate found in 2009. (Tr. 216, 218). But the fact that Dr. Teague did not specifically discuss those two discrete items of evidence does not mean that Dr. Teague did not consider them; a consulting physician is not required to discuss each page of the medical records prior to rendering an opinion.

Because the ALJ did comment specifically upon the post-2010 clinical records of Dr. Noschang, and Plaintiff does not point to any specific portion of the post-2010 records that contradicts the 2010 RFC opinions, the ALJ's failure to more clearly articulate that he had fully considered the post-2010 evidence ordinarily would be considered (at most) harmless error under *Blakley*. Nonetheless, because this case must be remanded on other grounds and because there is some evidence and testimony by Plaintiff that his pain level increased in the two years prior to the hearing, the ALJ should more clearly articulate his evaluation of Plaintiff's most recent medical records and how that may – or may not – impact the opinion evidence.

### b. Failure to Incorporate All of Consulting Physicians' Restrictions

Plaintiff also criticizes the ALJ's failure to interpret two consultants' opinions in a manner more consistent with his disability claim. For example, Dr. Fritzhand opined that Plaintiff had mild to moderate abilities to sit, stand, and walk (Tr. 310). Plaintiff suggests that those "mild to moderate" restrictions were more consistent with Dr. Noschang's opinions that Plaintiff was limited to four hours of standing and/or walking, than they were consistent with the "up to six hour" postural abilities found by the ALJ.

(Tr. 323-325). In other words, Plaintiff argues that Dr. Fritzhand's "mild to moderate" limitations support no more than sedentary work.

Although Plaintiff relies on *Moeller v. Com'r of Soc. Sec.*, 489 Fed. Appx. 868, 2012 WL 2947945 (6th Cir., July 20, 2012), that unpublished case is clearly distinguishable. First and foremost, in *Moeller*, the consultant had more strictly restricted the plaintiff "to a mild amount of sitting, ambulating, pushing, pulling and lifting." *Id*. at 870. By contrast, Dr. Fritzhand concluded that Plaintiff had no limitations at all in reaching, grasping, handling, visual, communication or environmental areas, and could perform a "mild <u>to moderate</u>" amount of postural abilities. (Tr. 310-311, emphasis added). Other case law from this district suggests that "mild to moderate" postural abilities can support work at up to the medium exertional level. *See Frederick v. Com'r of Soc. Sec.*, Case No. 1:09-cv-947-HRW, 2011 WL 1114410 (S.D. Ohio March 24, 2011). Thus, the undersigned finds no error in the ALJ's interpretation of Dr. Fritzhand's opinions.

The second non-examining consultant on whom the ALJ relied was Dr. Teague, who opined that Plaintiff could perform a "light" exertional range of work. The ALJ determined that Dr. Teague's opinions were consistent with both objective evidence (such as x-rays that were largely unremarkable, and with Plaintiff's reported activities of daily living. (T.r. 17). Plaintiff argues that since Dr. Teague opined that Plaintiff's complaints were "mostly credible" in 2010 (Tr. 318), the ALJ should have found Plaintiff to be disabled. However, Plaintiff's argument is not persuasive, because it reflects mere disagreement with the reasonable alternative interpretation of the evidence made by the ALJ, and amounts to an indirect attack on the ALJ's credibility determination.

### 4. Credibility and Subjective Complaints

Plaintiff more directly attacks the ALJ's credibility determination in his fourth assertion of error. An ALJ's credibility assessment must be supported by substantial evidence, but "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Com'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence. *Warner v. Com'r of Soc. Sec.*, 375 F.3d at 387, 392 (6th Cir. 2004).

The ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" the RFC determined by the ALJ. (Tr. 15). The ALJ cited the following reasons for the adverse credibility finding:

> First, the limiting effects alleged are unsupported by the medical evidence in [the] record. Second, the claimant's activities of daily living are inconsistent with the limiting factors alleged. Third, the opinion evidence in [the] record establishes that the claimant's residual functional capacity is greater than that alleged.

(Tr. 15).

Plaintiff contests each of these stated reasons. He asserts that objective findings all support his testimony and subjective complaints. Plaintiff additionally argues that the ALJ erred in failing to accept Dr. Noschang's testimony about his "good and bad days," and testimony that Plaintiff would miss a substantial number of days of work per month,

which allegedly favor a more positive credibility determination. (Tr. 15, 43, 323-325). Plaintiff contends that the only reason his back condition is stable is because he limits his daily activities and performs them at a slow pace, with breaks, and with help. Likewise, in terms of daily activities (Tr. 17), Plaintiff argues that the ALJ erred by failing to take into account Plaintiff's pace, alleged needs to lie down (Tr. 32, 36), to walk around (Tr. 137), and for assistance.

As additional ammunition to support a better credibility finding, Plaintiff argues that the ALJ erred by failing to consider his strong pain medications. However, the ALJ discussed Plaintiff's testimony concerning that pain medication, noting that Plaintiff testified the medication was "helpful" and caused no side effects. (Tr. 14). Plaintiff also argues that discussion of back surgery shows the severity of his condition and reflects positively on his credibility, as does his past work record, and expressed desire to return to work.[2] (Tr. 116-117, 222).

Considering all of Plaintiff's arguments about the ALJ's credibility assessment both individually and in combination, and reviewing the record as a whole, I find no compelling reason to disturb the ALJ's finding. At the same time, however, the undersigned generally recommends a re-assessment of credibility whenever another reversible error is found, because of the possibility that the underlying error played a role in the credibility determination. For that reason alone, the ALJ should re-evaluate Plaintiff's credibility on remand.

---

[2]Somewhat inexplicably, Plaintiff argues that the ALJ should not have negatively viewed Plaintiff's receipt of unemployment benefits. The ALJ did not discuss or even allude to Plaintiff's receipt of unemployment benefits as evidence of his ability to work in this case.

15

### 5. Vocational Errors

In his final assertion of error, Plaintiff argues that the Defendant has failed to carry his Step 5 burden to show that Plaintiff could perform other jobs that exist in significant numbers in the economy, because the vocational expert's testimony was not based upon a hypothetical question that included limitations on attention, persistence and pace, left out the ability to do only "mild to moderate" amounts of sitting, standing and/or walking, and did not adequately consider Plaintiff's ability to work 40 hours per week, in light of his pain level and other limitations offered by Dr. Noschang.

As discussed, the undersigned agrees that this case must be remanded for a new RFC finding that takes into consideration Plaintiff's limitations on attention, concentration, persistence, and pace, for re-assessment of the RFC form authored by treating physician, Dr. Noschang, and for re-evaluation of Plaintiff's credibility. The RFC errors render the VE's testimony insufficient to carry the Defendant's Step 5 burden.

### III. Conclusion and Recommendation

Plaintiff argues that because the ALJ stated at the hearing that this was a "close" case concerning his ability to perform light work, that this Court should simply reverse the Commissioner's determination outright and award benefits. Notwithstanding the errors noted, the undersigned agrees with the ALJ's assessment that the record presents a "close" case. It is entirely possible that on further review on remand, the Commissioner may reach the same decision, if he rejects Dr. Noschang's RFC, makes a similar credibility determination, and obtains similar vocational testimony after incorporating all of Plaintiff's mental limitations. For those reasons, the undersigned finds that remand under sentence four is the most appropriate course of action on the record presented. Therefore, **IT IS RECOMMENDED THAT** Defendant's decision be

**REVERSED** and remanded to the Commissioner for further review under sentence four of 42 U.S.C. §405(g), in accordance with this Report and Recommendation.  As no other matters remain pending, this case should be **CLOSED**.

> _s/ Stephanie K. Bowman_
> Stephanie K. Bowman
> United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAVID J. HAMBRICK,                         Case No. 1:13-cv-374

       Plaintiff,                             Barrett, J.
                                                 Bowman, M.J.
   v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).